UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT ARMSTRONG,

Plaintiff,

v.

JOE HATCHLER, RICK BENOIT, DELL JOHNSON and L. GANNON,

Defendants.

Civil No. 00-388 (DSD/JGL)

**ORDER**

Plaintiff, a federal prisoner, has filed a complaint seeking relief for personal injuries that he allegedly sustained while incarcerated at the Federal Correctional Institution at Waseca, Minnesota.[1] (Docket No. 1.) Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated February 25, 2000, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

[1] It is not clear whether Plaintiff is seeking relief under the Federal Tort Claims Act based on a claim of negligence, or whether he is seeking relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for an alleged violation of his constitutional rights under the Eighth Amendment.

FILED 4-20-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Plaintiff's IFP application will be GRANTED, which means that he will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee ($144.25) in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the prison where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(2). Marshal service will therefore be ordered on each of the three named Defendants.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, ($144.25), in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the prison where Plaintiff is confined;

3. A Summons shall be issued by the Clerk of Court, and service of process on the four named Defendants shall be effected by the U.S. Marshal;

4. A copy of this order shall be served by the Marshal with the summons and complaint; and

5. Those Defendants on whom service of process is effected shall be required to file a response to Plaintiff's complaint.

Dated: April 20, 2000

JONATHAN LEBEDOFF
Chief Magistrate Judge