**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROBERT ARMSTRONG,**

Plaintiff,

v.

**JOE HATCHLER, RICK BENOIT, DELL JOHNSON, and L. GANNON,**

Defendants.

Civil File No. 00-388 (DSD/JGL)

**ORDER**

Robert Armstrong, pro se.

Mary Jo Madigan, Esq., Assistant United States Attorney, for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's motion for appointment of counsel (Doc. No. 14) and Plaintiff's motion for continuance and demand that Defendants serve motion to dismiss on Plaintiff (Doc. No. 17). Plaintiff, a federal prisoner, has filed this lawsuit based on an alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed in forma pauperis in this matter. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel, even in civil rights cases. See Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Wiggins v.

FILED 10-26-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Sargent, 753 F.2d 663, 668 (8th Cir. 1985). A court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, considering the complexity of factual and legal issues, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. See Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues contemplated in this case are so complex as to necessitate appointment of counsel for Plaintiff Armstrong. At this time, there is no material conflict in the evidence. It appears to the Court that Plaintiff Armstrong has the threshold ability to state his claims and argue his positions despite his professed lack of education and purported assistance from other inmates. The Court therefore concludes that Plaintiff is capable of self-representation in this matter. Furthermore, the Court concludes that appointment of counsel to Plaintiff would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's motion for appointment of counsel is denied.

As for Plaintiff's motion for continuance and demand that Defendants serve motion to dismiss on Plaintiff, the Court notes that Defendants have apparently complied with the service requirements of Fed. R. Civ. P. 5, according to the Certificate of Service by Mail filed in conjunction with the motion to dismiss. The certificate indicates that Plaintiff was served by mail on August 8, 2000 at the Federal Correctional Institution in Waseca,

Minnesota, which is the same address given by Plaintiff on his most recent submission to the Court. However, in the interest of justice, the Court directs the Clerk of Court to immediately mail a copy of Defendants' motion to dismiss or for summary judgment (Doc. No. 9) to Plaintiff Robert Armstrong, Reg. No. 07417-029, at the Federal Correctional Institution Unit D, P.O. Box 1500, Waseca, MN 56093. Plaintiff is ordered to respond to the motion to dismiss by November 27, 2000.

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for appointment of counsel (Docket No. 14) is **DENIED**; and

(2) Plaintiff's motion for continuance and demand that Defendants serve motion to dismiss on Plaintiff (Doc. No. 17) is **DENIED**. The Clerk of Court is directed to immediately mail a copy of Defendants' motion to dismiss or for summary judgment (Doc. No. 9) to Plaintiff Robert Armstrong, Reg. No. 07417-029, at the Federal Correctional Institution Unit D, P.O. Box 1500, Waseca, MN 56093; and

(3) Plaintiff is ordered to respond to the motion to dismiss by November 27, 2000.

Dated: October 20, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge