**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROBERT ARMSTRONG,**

Plaintiff,

v.

**JOE HATCHLER, RICK BENOIT, DELL JOHNSON, and L. GANNON,**

Defendants.

Civil File No. 00-388 (DSD/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Robert Armstrong, pro se.

Mary Jo Madigan, Esq., Assistant United States Attorney, for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Defendants Joe Hetchler,[1] Risk Benoit, Dell Johnson, and L. Gannon's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 9). This matter has been referred to the undersigned Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

[1] The correct spelling of this Defendant's last name is Hetchler, not Hatchler as spelled on the Complaint.

FILED 1-19-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff Robert Armstrong, an inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. Defendants are Joe Hetchler, a Cook Supervisor at FCI-Waseca; Rick Benoit, a former Cook Supervisor at FCI-Waseca; Dale Johnson, an Assistant Food Service Administrator at FCI-Waseca; and Larry Gannon, a Safety Manager at FCI-Waseca. In his Complaint, Mr. Armstrong claims that the four Defendants violated his civil rights by forcing him to transport a tub of boiling water, which he spilled and burned his arm.

The following allegations are included in Plaintiff's Complaint. On October 12, 1997, Plaintiff was working in the kitchen at FCI-Waseca. The kitchen hot water heaters had malfunctioned, and inmates were ordered to carry tubs of boiling water from the kitchen to the dishwashing area. Plaintiff claims he protested to Defendants Hetchler and Johnson because he felt the practice was unsafe. Both Defendants allegedly told Plaintiff to carry the water or they would write an incident report and possibly confine him to "the hole." Plaintiff chose to transport the water. As Plaintiff pulled a wheeled cart conveying the water, one of the cart wheels lodged in the floor drain. Plaintiff attempted to dislodge the cart, and the boiling water spilled on his right arm.

Defendant Benoit took Plaintiff to the sink, ran cold water over his arm, and took him to the medical center where staff continued to run cold

water over the arm. Plaintiff asked to be taken to the local hospital for treatment; his request was denied. Medical center staff put a topical ointment on the arm and bandaged it. Plaintiff was sent back to his unit. Plaintiff submits that further requests for treatment were refused. Plaintiff seeks injunctive relief, money damages, and a declaratory judgment finding the Bureau of Prisons responsible for creating unsafe working conditions.

## II. DISCUSSION

### A. **Personal Jurisdiction.**

Defendants first argue for dismissal of the Complaint on the basis that this Court lacks personal jurisdiction over Defendants because the United States was not properly served as required by Fed. R. Civ. P. 4(i). This argument is properly made in a Rule 12(b) motion to dismiss. See Fed. R. Civ. P. 12(b) (requiring the motion asserting such a defense to be made before further pleading). Effective service of process made in compliance with Rule 4 "is a jurisdictional prerequisite to maintaining an action in federal court." Guinness Import Co. v. Mark VII Distrib., Inc., 971 F. Supp. 401, 406 n.1 (D. Minn. 1997) (citations omitted). Establishing jurisdiction is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (citation omitted).

All four named Defendants waived service of process; however, neither the United States Attorney nor the Attorney General of the United States was served as required by Rule 4(i). To effect service of process on the

United States, which is required when a plaintiff sues its agencies, corporations, or officers, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the District in which the action is brought and the Attorney General of the United States. See Fed. R. Civ. P. 4(i)(1)(A), (B). A brief discussion of the reason for lack of service on the United States is appropriate.

In an Order dated January 18, 2001, this Court determined that Mr. Armstrong was not responsible for the ineffective service of process and therefore granted him an extension to have service effected by U.S. Marshal. Frequently, when a plaintiff such as Mr. Armstrong is allowed to proceed in forma pauperis ("IFP"), the plaintiff is required in the IFP order to submit Marshal Service Request Forms for each Defendant, or other person whom the Marshal must serve, to the Clerk of Court. See, e.g., Ligons v. Kroll, No. 00-cv-1511, at 2, 3 (D. Minn. June 26, 2000) (granting IFP status and ordering Plaintiff to "file one completed Form USM-285 and one extra copy of the complaint for each Defendant to be served"); see also Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (requiring the plaintiff at minimum to provide addresses for service); Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1990).

However, in the present case, this Court's Order of April 20, 2000 mandated Marshal service on each of the four named Defendants, but not on the United States, and did not require Plaintiff to complete Marshal Service Request Forms or to provide any addresses. Upon receipt of the Order, the

Clerk's office filled out the request forms for each named Defendant and sent the forms to the Marshal Service for execution. Plaintiff was given no directive or opportunity to participate in the process or to complete any service request forms which, in this Court's opinion, relieved him personally of the obligation to effect service on the United States as required by Rule 4(i). Where a court does not require a plaintiff to supply names, addresses, or information of people or entities to be served, and instead assumes all responsibility for effecting service, the court should not penalize the plaintiff when service proves deficient. Cf. Bullock v. United States, 160 F.3d 441, 441-42 (8th Cir. 1998) (where a court clerk stated that he would effect service on defendants but did not, finding good cause for granting an extension to effectuate service). As a result, there was ineffective service of process on Defendants because neither the United States Attorney General nor the United States Attorney was properly served.

A court lacks personal jurisdiction over a defendant who is improperly served. See Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993) (citation omitted). Accordingly, this Court does not have personal jurisdiction over Defendants. However, in this Court's Order of January 18, 2001, Plaintiff was granted an extension of approximately one month to perfect service. Defendants' request to dismiss for lack of jurisdiction therefore should be denied without prejudice given that Plaintiff has been permitted to effect appropriate service of process.

**B. The Merits of Defendants' Motion.**

Defendants have submitted declarations, affidavits, and records in support of the substantive aspects of their motion to dismiss which, if the Court were to consider the information, would transform the Rule 12(b)(6) motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 12(b)(6); Buck v. F.D.I.C., 75 F.3d 1285, 1288 & n.3 (8th Cir. 1996). Considering that personal jurisdiction has not yet been established over Defendants, however, the Court finds their motion for summary judgment premature. See Steel Co., 523 U.S. at 94 (without jurisdiction, a court cannot proceed). Defendants' motion aims to reach the merits of the case before jurisdiction has been established. A court cannot enter a judgment on the merits where it lacks jurisdiction. See Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 372 (8th Cir. 1990) (stating "[b]efore a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants") (citations omitted); Amrhein v. Quaker Oats Co., 752 F. Supp. 894, 897 (E.D. Mo. 1990).

This Court does not possess personal jurisdiction over Defendants, and Defendants' motion consequently should be denied without prejudice. Defendants may refile their motion for summary judgment once Plaintiff

Armstrong establishes personal jurisdiction by effecting proper service of process on the United States.

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants Joe Hetchler, Risk Benoit, Dell Johnson, and L. Gannon's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 9) should be **DENIED WITHOUT PREJUDICE.**

Dated: January 19, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under Fed. R. Civ. P. 72 and D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 6, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.