**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ROBERT ARMSTRONG,**

Plaintiff,

v.

**JOE HATCHLER, RICK BENOIT, DELL JOHNSON, and L. GANNON,**

Defendants.

Civil File No. 00-388 (DSD/JGL)

**O R D E R**

---

Robert Armstrong, pro se.

Mary Jo Madigan, Esq., Assistant United States Attorney, for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

Plaintiff Robert Armstrong, an inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in accordance with 29 U.S.C. § 1915. It has come to the Court's attention that Plaintiff has served neither the United States Attorney nor the United States Attorney General with his Complaint as required by Fed. R. Civ. P. 4(i).

To effect service of process on the United States, which is required when a plaintiff sues its agencies, corporations, or officers, the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the District in which the action is brought and the Attorney General of the

FILED 1-18-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

United States. See Fed. R. Civ. P. 4(i)(1)(A), (B). Here, Mr. Armstrong is suing four employees of FCI-Waseca, which is a federal prison, but only the four named Defendants have been served. Thus, Plaintiff Armstrong has failed to sufficiently effect service of process by not serving the United States Attorney General or the United States Attorney.

However, Rule 4(m) provides if proper service is not made within 120 days after the filing of the complaint, a court may order that service be effected within a specified time if the plaintiff shows good cause for the failure.[1] In this case, service was not made on the United States within 120 days as directed by Rule 4(m). Plaintiff Armstrong asserts as good cause that all individual Defendants were properly served, that pro se plaintiffs should be granted latitude with technical legal requirements, and that the summary judgment motion submitted by the United States Attorney's Office evidences the United States' actual notice of the Complaint.

Even more important than Plaintiff's asserted good cause, however, is the procedural background of Plaintiff's case and the reason for lack of service on the United States. This Court's Order of April 20, 2000 granted Mr. Armstrong IFP status, and he was therefore entitled to have service effected by U.S. Marshal. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Generally, when

---

[1] The United States Supreme Court has held that the 1993 amendments to Rule 4 allow an extension of time for service even if no good cause is shown. See Henderson v. United States, 517 U.S. 654, 658 n.5 (1996); see also Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 446 n.2 (5th Cir. 1996).

IFP status is granted, the plaintiff is required in the IFP order to submit Marshal Service Request Forms for each Defendant, or other person whom the Marshal must serve, to the Clerk of Court. See, e.g., Ligons v. Kroll, No. 00-cv-1511, at 2, 3 (D. Minn. June 26, 2000) (granting IFP status and ordering Plaintiff to "file one completed Form USM-285 and one extra copy of the complaint for each Defendant to be served"); Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1990).

However, in the present case, this Court's Order of April 20, 2000 mandated Marshal service on each of the four named Defendants, but not on the United States, and did not require Plaintiff to complete Marshal Service Request Forms. Upon receipt of the Order, the Clerk's office filled out the request forms for each named Defendant and sent the forms to the Marshal Service for execution. Plaintiff was given no directive or opportunity to participate in the process or to complete any service request forms which, in this Court's opinion, relieved him personally of the obligation to effect service on the United States as required by Rule 4(i). Where a court does not require a plaintiff to supply names, addresses, or information of people or entities to be served, and instead assumes all responsibility for effecting service, the court should not penalize the plaintiff when service proves deficient. Cf. Bullock v. United States, 160 F.3d 441, 441-42 (8th Cir. 1998) (where a court clerk stated that he would effect service on defendants but did not, finding good cause for granting an extension to effectuate service).

The facts of this case are even more compelling than in Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444 (5th Cir. 1996), where the pro se plaintiff was required to take "reasonable steps" to identify who was to be served, but did not supply the Marshal Service with the address of the United States Attorney or Attorney General. See id. at 446-47 & n.5. The Fifth Circuit found the error non-fatal to the plaintiff because Fed. R. Civ. P. 4 and § 1915(d) mandated that the court take responsibility for appointing someone to serve process for the plaintiff. See id. at 448. In the present case, Plaintiff Armstrong was not even permitted to identify which persons or entities should be served.

In conclusion, Plaintiff Armstrong is allowed to effect proper service before his Complaint is dismissed for lack of personal jurisdiction and insufficiency of process. Plaintiff should not be penalized for the failure to serve the United States. Thus, service of process by the Marshal Service is ordered on the United States Attorney for this District and the United States Attorney General in accordance with Fed. R. Civ. P. 4(i).

Based upon the above and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Service of process on the United States Attorney for this District and the United States Attorney General shall be effected by the U.S.

Marshal in accordance with Fed. R. Civ. P. 4(i) by February 20, 2001; and

(2) A copy of this Order shall be served by the Marshal with the Summons and Complaint.

Dated: January 18, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge