UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-388 (DSD/JGL)

Robert Armstrong,

Plaintiff,

v. **ORDER**

Joe Hatchler, Rick Benoit,
Dell Johnson, and L. Gannon,

Defendants.

Robert Armstrong, Esq., Federal Correctional Institution, Box 1500, Waseca, MN 56093-741, for the plaintiff.

Mary Jo Madigan, Esq., U.S. Attorney's Office, 600 U.S. Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, for the defendants.

This matter is before the court on plaintiff's objections to Magistrate Judge Jonathan Lebedoff's report and recommendation dated July 5, 2001. In his report, the magistrate judge recommended that the defendants' motion to dismiss or in the alternative for summary judgment be granted and that summary judgment be entered in favor of defendants [Doc. No. 25], that plaintiff's motion for summary judgment be denied [Doc. No. 30], and that this action be dismissed with prejudice. Plaintiff objects to the magistrate judge's recommendation.

The report of the magistrate judge fully discussed the reasons why the defendants' motion must be granted and the

FILED 8-1-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 8-1-01
DEPUTY CLERK

plaintiff's denied. In particular, the court agrees with the magistrate judge's determination that plaintiff's negligence claim is barred by the exclusive remedy provisions of the Inmate Accident Compensation ("IAC") law pursuant to 18 U.S.C. § 4126. See also United States v. Demko, 385 U.S. 149 (1966) (holding that the IAC provides the exclusive remedy for federal prison inmates who suffer personal injuries while working in federal prison); Sturgeon v. Federal Prison Industries, 608 F.2d 1153, 1154 (8th Cir. 1979) (federal prisoner's FTCA claim was properly dismissed because IAC provided exclusive remedy for injuries sustained while working in prison shop). The court also concurs with the magistrate judge's Bivens analysis. That is, based on the evidence of the record here, no reasonable juror could conclude that any of the named defendants were deliberately indifferent to a substantial threat to plaintiff's health or safety. See Foster v. Metropolitan Airport Commission, 914 F.2d 1076, 1082 (8th Cir. 1990).

Thus, after conducting a de novo review of the file and record, the court will adopt the magistrate judge's report and recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The defendants' motion to dismiss or in the alternative for summary judgment [Doc. No. 25] is granted;

2. Plaintiff's motion for summary judgment [Doc. No. 30] is denied; and

3. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 1, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.